**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MATTHEW KRUGMAN,              )
                                         )
         Plaintiff,            )
                                         )
     v.                      )     Case No. 21-cv-5322
                                         )
RUSH ADMINISTRATIVE SERVICES,   )
INC. a foreign corporation, and RUSH    )
ENTERPRISES, INC., a foreign corporation, )
                                       )
         Defendants.        )

**DEFENDANTS' JOINT NOTICE OF REMOVAL**

      Defendants, RUSH ADMINISTRATIVE SERVICES, INC. and RUSH ENTERPRISES, INC., by and through their attorneys Julie A. Proscia and Steven W. Jados of SmithAmundsen LLC, hereby remove the above-captioned action to the United States District Court for the Northern District of Illinois, Eastern Division, from the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446.  In support of removal, Defendants rely on Plaintiff's pleadings and the Declaration of Frederick W. Helveston, which is filed contemporaneously with this Notice of Removal.  Defendants further state the following:

      1.     Plaintiff initiated this action in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, on or around September 1, 2021, alleging retaliatory discharge under various theories.  Copies of the Summons and Complaint served on each Defendant are attached as **Exhibit A** and **Exhibit B**.  The Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, docketed the action as Case No. 2021L000675.

2.      Defendant Rush Administrative Services was served with the Summons and Complaint for this action on September 10, 2021.  (See Exhibit A; **Exhibit C**, which is the Declaration of Fredrick W. Helveston, at ¶ 7.)  Defendant Rush Enterprises was served with the Summons and Complaint for this action on September 8, 2021.  (See Exhibit B and Exhibit C at ¶ 7.)  As such, Defendants' joint removal of this action is timely as fewer than 30 days have passed since each Defendant was served with a Summons and Complaint for the action.  28 U.S.C. § 1446.  There have been no further proceedings in this action.

3.      Venue is proper in this Court as the Court has jurisdiction over the place where the action was filed, and the place where the alleged events at issue in the action occurred.  (Exhibit A at ¶ 4.)  Thus, this Court is the district and division within with the action is pending, and the proper district court to which this action may be removed.  28 U.S.C. §§ 1441(a) and 1446(a).

4.      Pursuant to 28 U.S.C. § 1332, the Court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the dispute is between citizens of different states.  As detailed below, the requirements for removal based on 28 U.S.C. § 1332 are satisfied in this case.

5.      Plaintiff is a resident and citizen of the State of Illinois.  (Exhibit A at ¶ 5; Exhibit C at ¶ 5.)  Rush Administrative Services is not a citizen of the State of Illinois.  Instead, Rush Administrative Services is incorporated in the State of Delaware, and its corporate headquarters and principal place of business are in the State of Texas.  (Exhibit A at ¶ 6; Exhibit C at ¶ 4.)  Rush Enterprises is also not a citizen of the State of Illinois.  Rush Enterprises is incorporated in the State of Texas, and its corporate headquarters and principal place of business are in the State of Texas.  (Exhibit A at ¶ 7; Exhibit C at ¶ 4.)  Based on the foregoing, there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendants on the other.

6.      For removal purposes, the amount in controversy "is the amount required to satisfy the plaintiff's demands in full . . . on the day the suit was removed[.]" *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006).  Where, as is the case here, a plaintiff provides little information about the value of his claims, a defendant can establish the jurisdictional amount through a "good-faith estimate" that "is plausible and supported by a preponderance of the evidence." *Id.* at 511.

7.      The preponderance of the evidence here shows that Plaintiff's claims seek more than $75,000.  Plaintiff's Complaint demands, among other things, monetary damages including backpay, lost benefits, punitive damages, emotional distress and compensatory damages, and attorneys' fees and costs.  (Exhibit A.)  More than 16.5 months have passed since the termination of Plaintiff's employment.  (Id. at ¶ 1; Exhibit C at ¶ 5.)  During his employment, Plaintiff received compensation in salary alone in the gross amount of $2,316.67, paid twice each month.  (Id. at ¶ 6.)  As such, Plaintiff's lost salary alone already exceeds $75,000.  Plaintiff also received medical and dental insurance benefits, and was eligible for additional compensation in the form of commission-based payments.  (Id.)  As such, there can be no question that the amount in controversy in this action is far greater than $75,000.

8.      Moreover, Plaintiff's Complaint does not include a statement to establish that the amount in controversy is less than $75,000, so Plaintiff is barred from asserting that the amount in controversy is less than $75,000 now.  *Oshana*, 472 F.3d at 511-13; *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case . . . later filings [are] irrelevant.").  As such, although Defendants deny any liability for damages to Plaintiff, Plaintiff's allegations makes clear that he is seeking amounts well in excess of $75,000 and, therefore,

jurisdiction exists pursuant to 28 U.S.C. § 1332, and this action is removable pursuant to 28 U.S.C. § 1441.

9.  In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been served on Defendants are attached hereto as Exhibits A and B.

10.  In compliance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all attachments, is being filed in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, on this date, and Plaintiff's counsel is being notified in writing of the removal. A copy of the Notice to State Court of Removal to Federal Court (without attachments) is attached as **Exhibit D**, and a copy of the Notice of Removal to Adverse Party (without attachments) is attached as **Exhibit E**.

11.  By this Joint Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction, venue, or any other defenses or objections Defendants may have to this action. Defendants intend no admission of fact, law, or liability by this Notice, and Defendants expressly reserve all defenses, motions, and pleas.

WHEREFORE, Defendants hereby provide notice that Case No. 2021L000675 is removed from the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, to this Court for all further proceedings.

Dated: October 7, 2021

> **RUSH ADMINISTRATIVE SERVICES, INC. and RUSH ENTERPRISES, INC.,**
>
> By: /s/Julie A. Proscia_____
> One of Defendants' Attorneys

Julie A. Proscia, Esq. (ARDC No.: 6280896)
Steven W. Jados, Esq. (ARDC No.: 6289821)
SMITHAMUNDSEN LLC
3815 E. Main Street, Suite A-1
St. Charles, IL 60174
(630) 587-7910 - Telephone
(630) 587-7960 - Facsimile
jproscia@salawus.com
sjados@salawus.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she served a true and correct copy of the attached **DEFENDANTS' JOINT NOTICE OF REMOVAL** upon the following individual(s), via electronic delivery and Regular U.S. Mail, proper postage prepaid, prior to 5:00 p.m. on this 7th day of October, 2021, and addressed as follows:

Seth R. Halpern
Meredith W. Buckley
MALKINSON & HALPERN, P.C.
33 N. Dearborn St Ste 1540
Chicago, IL 60602
shalpern@mhtriallaw.com
mbuckley@mhtriallaw.com
**ATTORNEYS FOR PLAINTIFF**

**RUSH ADMINISTRATIVE SERVICES, INC. and RUSH ENTERPRISES, INC.,**

By:  /s/Julie A. Proscia_____
                One of Defendants' Attorneys

Julie A. Proscia, Esq. (ARDC No.: 6280896)
Steven W. Jados, Esq. (ARDC No.: 6289821)
SMITHAMUNDSEN LLC
3815 E. Main Street, Suite A-1
St. Charles, IL 60174
(630) 587-7910 - Telephone
(630) 587-7960 - Facsimile
jproscia@salawus.com
sjados@salawus.com
**ATTORNEYS FOR DEFENDANTS**