# EXHIBIT A



**TMM / ALL**
**Transmittal Number: 23756359**
**Date Processed: 09/13/2021**

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Michael Goldstone<br>Rush Enterprises<br>555 S Interstate 35<br>Ste 500<br>New Braunfels, TX 78130-4889 |
| Electronic copy provided to: | Julie Williams |
| Entity: | Rush Administrative Services, Inc.<br>Entity ID Number  3350401 |
| Entity Served: | Rush Administrative Services, Inc. |
| Title of Action: | Matthew Krugman vs. Rush Administrative Services, Inc |
| Matter Name/ID: | Matthew Krugman vs. Rush Administrative Services, Inc. (11552842) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court/Agency: | Will County Circuit  Court, IL |
| Case/Reference No: | 2021L000675 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 09/10/2021 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Meredith W. Buckley<br>312-427-9600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS,<br>CIRCUIT COURT<br><br>Will _____ COUNTY | **SUMMONS** | For Court Use Only |
|---|---|---|

<table>
<tr>
<td>

**Instructions ▼**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/Respondents.

Enter the Case Number given by the Circuit Clerk.

</td>
<td>

Matthew Krugman
_____
**Plaintiff / Petitioner** *(First, middle, last name)*

v.

Rush Administrative Services, Inc., et al.
_____
**Defendant / Respondent** *(First, middle, last name)*

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

</td>
<td>

**2021L 000675**

**Case Number**

</td>
</tr>
</table>

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

<table>
<tr>
<td>

In 1a, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

</td>
<td>

**1.    Defendant/Respondent's address and service information:**

    a.   Defendant/Respondent's primary address/information for service:

        Name *(First, Middle, Last):* Rush Administrative Services, Inc.

        Registered Agent's name, if any:  Illinois Corporation Services C

        Street Address, Unit #:  801 Adlai Stevenson Drive

        City, State, ZIP:  Springfield, Illinois 62703

        Telephone:  (217) 544-5900     Email: _____

</td>
</tr>
<tr>
<td>

In 1b, enter a second address for Defendant/Respondent, if you have one.

</td>
<td>

    b.   If you have more than one address where Defendant/Respondent might be found, list that here:

        Name *(First, Middle, Last):* _____

        Street Address, Unit #: _____

        City, State, ZIP: _____

        Telephone: _____ Email: _____

</td>
</tr>
<tr>
<td>

In 1c, check how you are sending your documents to Defendant/Respondent.

</td>
<td>

    c.   Method of service on Defendant/Respondent:

        ☑ Sheriff      ☐ Sheriff outside Illinois: _____
                                            *County & State*

        ☐ Special process server      ☐ Licensed private detective

</td>
</tr>
</table>

Enter the Case Number given by the Circuit Clerk: _____

<table>
<tr><td>In 2, enter the amount of money owed to you.<br><br>In 3, enter your complete address, telephone number, and email address, if you have one.</td><td>

**2. Information about the lawsuit:**
Amount claimed:  $ 50,000.00

**3. Contact information for the Plaintiff/Petitioner:**
Name *(First, Middle, Last)*:  Meredith W. Buckley/Malkinson & Halpern, P.C.
Street Address, Unit #:  33 N. Dearborn Street, Suite 1540
City, State, ZIP:  Chicago, Illinois 60602
Telephone:  (312) 427-9600       Email:   mbuckley@mhtriallaw.com

</td></tr>
</table>

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

<table>
<tr><td>**Important information for the person getting this form**</td><td>You have been sued. Read all of the documents attached to this *Summons*.
To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/.</td></tr>
</table>

<table>
<tr><td>Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b.<br><br>In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.*<br><br>In 4b, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk.</td><td>

**4. Instructions for person receiving this *Summons* (Defendant):**

☑ a.  To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:
Address:   100 W. Jefferson Street
City, State, ZIP:   Joliet, Illinois 60432

☐ b.  Attend court:
On: _____ at _____ ☐ a.m. ☐ p.m. in _____
     *Date*            *Time*                        *Courtroom*
**In-person at:**

_____
*Courthouse Address*      *City*           *State*      *ZIP*
**OR**
**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):
    By telephone: _____
                 *Call-in number for telephone remote appearance*
    By video conference: _____
                     *Video conference website*

_____
    *Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
                     *Circuit Clerk's phone number*
at: _____ to find out more about how to do this.
   *Website*

</td></tr>
</table>

<table>
<tr><td>**STOP!**<br>The Circuit Clerk will fill in this section.<br><br>**STOP!**<br>The officer or process server will fill in the Date of Service.</td><td>

Witness this Date:   9/2/2021

Clerk of the Court:   *Andrea Lynn Chasteen*

This *Summons* must be served within 30 days of the witness date.

Date of Service: _____
           *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

</td></tr>
</table>

SU-S 1503.2                          Page 2 of 4                          (06/21)

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Will _____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Matthew Krugman<br>_____<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>Rush Administrative Services, Inc., et al.<br>_____<br>**Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
             *First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent
_____ as follows:
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:
    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address, Unit#: _____
    City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
    member or lives there:
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address, Unit#: _____
    City, State, ZIP: _____
    And left it with: _____
                *First, Middle, Last*
    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
    and by sending a copy to this defendant in a postage-paid, sealed envelope to the
    above address on _____ , 20 _____.

    ☐ On the Corporation's agent, _____
                      *First, Middle, Last*
    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: _____

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, *735 ILCS 5/1-109*, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:** _____

*Signature by:*
☐ Sheriff
☐ Sheriff outside Illinois: _____
_____
*County and State*
☐ Special process server
☐ Licensed private detective

**FEES**

Service and Return: $ _____
Miles: $ _____
Total: $ 0.00

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021L 000675
Filed Date: 9/1/2021 1:39 PM
Envelope: 14666601
Clerk: KJ

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

MATTHEW KRUGMAN,             )
                                       )
    Plaintiff,                )
                                       )
          v.                 )    Case No.:    **2021L 000675**
                                       )
RUSH ADMINISTRATIVE SERVICES, INC.  )
a foreign corporation, and RUSH ENTERPRISES,  )
INC., a foreign corporation,        )
                                       )
    Defendants.            )

### COMPLAINT

NOW COMES, Plaintiff, MATTHEW KRUGMAN, by and through his attorneys, Meredith W. Buckley and Seth R. Halpern, of Malkinson & Halpern, P.C., and complaining of Defendants, RUSH ADMINISTRATIVE SERVICES, INC. and RUSH ENTERPRISES, INC., states as follows:

    I.    **Nature of the Case**

1.    Plaintiff, MATTHEW KRUGMAN, (hereinafter "Plaintiff" or "Krugman") was employed with Defendants, RUSH ADMINISTRATIVE SERVICES, INC, and/or RUSH ENTERPRISES, INC., for approximately September 2015 through his termination on or about May 15, 2020.

2.    This is an individual action brought by Plaintiff for retaliatory discharge in violation of Illinois common law and the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.*

    **II.**    **Jurisdiction and Venue**

3.    This Court has jurisdiction as Plaintiff's claim allege violations of Illinois common law and pursuant to the Illinois Whistleblower Act.

1

| Initial case management set for |
| --- |
| 12/20/2021   at: 9:00   a.m. |

4.     Venue is proper in this jurisdictional district because a substantial part of the

events, acts and omissions giving rise to the claims herein occurred in this judicial district,

Defendants operate its business in this judicial district and this district is where Plaintiff suffered

the primary harm from Defendants' actions.

III.     **Parties**

5.     Plaintiff is a citizen of the United States and presently and at all times relevant

resided in Cook County, Illinois.

6.     Defendant, RUSH ADMINISTRATIVE SERVICES, INC., is a foreign

corporation, incorporated in Delaware, that for all times relevant was and remains doing business

at Rush Truck Center, 103 South Larkin Avenue, Joliet, Will County, Illinois.

7.     Defendant, RUSH ENTERPRISES, INC., is a foreign corporation, incorporated in

Texas, that for all times relevant was and remains doing business at Rush Truck Center, 103

South Larkin Avenue, Joliet, Will County, Illinois.

8.     Defendants, RUSH ADMINISTRATIVE SERVICES, INC., and/or RUSH

ENTERPRISES, INC. (referred to collectively as "Defendants") set policies, employed, made

employment decisions and acted as an employer, for Plaintiff while he was employed at the Rush

Truck Center, 103 South Larkin Avenue, Joliet, Illinois.

IV. **Common Allegations**

9.     Plaintiff was employed with Defendants first as a Service Administrator, then,

following a promotion in November 2019, as an Assistant Service Manager through his

termination on or about May 15, 2020.

10.     At all times relevant, Plaintiff performed his job duties satisfactorily and met

Defendants' reasonable expectations.

2

11.     Defendants own and operate the Rush Truck Center located in Joliet, Illinois. The facility provides truck services, parts, leasing and rental services, inspections, as well as truck sales to the public.

12.     Plaintiff, in performing his job duties for Defendants, primarily worked out of an office located in the interior of the trucking center. Plaintiff's office had no exterior windows and was surrounded by the truck bays where trucks were serviced and inspected.

13.     Shortly after Plaintiff began working for Defendants, he began to report and complain about unsafe conditions within the work environment to management, including the Service Manager and Branch Manager.

14.     During the fall and winter months, Defendants routinely permitted trucks within the facility to have their engines running while in the interior truck bays. The truck bay doors, which would allow for air circulation from the outside, would remain closed, due to cold weather, and as a result, the truck exhaust and fumes was allowed to permeate the interior environment, including Plaintiff's office and surrounding areas.

15.     Additionally, throughout Plaintiff's employment, Defendants did not attach any exhaust hoses to divert the exhaust and fumes created by the trucks and, as a result, the air quality was very poor in and around Plaintiff's work environment.

16.     During the first winter that Plaintiff was employed with Defendants, Plaintiff complained about and reported to the Service Manager and the Branch Manager that the air quality he was forced to work in was poor because of the truck exhaust and fumes. Plaintiff would request that the exterior truck bay doors be opened and/or request that exhaust hoses be attached to trucks to divert fumes, but his complaints were ignored and repeatedly mocked and dismissed by management.

3

17.     As soon as the weather would get cold, year after year, Plaintiff would complain and report the poor air quality to the Service Manager and Branch Manager, but no remedial action was taken by Defendants. Rather than addressing Plaintiff's complaints, management would repeatedly express frustration with and dismiss Plaintiff's reports and complaints.

18.     In addition to the poor air quality from the truck exhaust and fumes, within Plaintiff's interior office there was also poor air circulation, virtually no ventilation and an air conditioning unit that would constantly leak water onto the vinyl tiled floor.

19.     Plaintiff began complaining to the Service Manager and Branch Manager about the air quality and leaking air conditioner unit in his office shortly after he began his employment with Defendants.  Like his complaints and reports about the truck fumes and exhaust, his reports and complaints about his hazardous office environment were largely ignored and mocked by management.

20.     In November of 2019, Defendants created a new position, Assistant Service Manager, and promoted Plaintiff to such position.  Defendants then hired a Service Administrator to support Plaintiff in completing work responsibilities.

21.     In December of 2019, Defendant removed and replaced the entire floor in Plaintiff's office.  When the floor was removed, it was discovered that the subflooring under the vinyl tile was covered in mold.

22.     Defendants then transferred Plaintiff to the Rush Truck Center located in Chicago so that a mold remediation and repair of Plaintiff's office could be completed.  Plaintiff worked out of the Chicago location for approximately three months and returned to the Joliet location after the mold remediation and repairs to office were completed.

4

23.    Shortly after Plaintiff began working for Defendants in 2015, he began to develop respiratory conditions and continually found himself becoming sick with cold and flu-like symptoms. Periodically, Plaintiff would seek medical treatment for such symptoms and necessitated time off work due to such symptoms.

24.    In response to Plaintiff's respiratory and cold/flu-like symptoms, Defendants' Service Manager and Branch Manager would refer to him as "sick boy" and chastise him for needing to time off work due to his symptoms.

25.    Upon the discovery of the mold in his office in December 2019, Plaintiff immediately sought medical care and was diagnosed with a mold allergy and asthma.

26.    At this time in December 2019, Plaintiff reported to Defendants that he was seeking medical treatment related to the mold exposure and his persistent respiratory and asthma symptoms that he was then currently experiencing and that he had historically experienced over his years of employment with Defendants.

27.    The medical treatment and testing subsequent to the mold discovery were paid for and processed through Defendants' workers' compensation provider. Accordingly, as of December 2019, Plaintiff has asserted rights under the Illinois Workers Compensation Act and Defendants had notice the Plaintiff was seeking medical treatment for a medical condition believed to have been caused by Plaintiff's work environment.

28.    Immediately following the discovery of the mold in Plaintiff's office, in or around late December of 2019, Plaintiff called OSHA to report the hazardous work conditions, including the mold that was allowed to pervade his office and Defendants' practice of allowing truck exhaust and fumes to permeate throughout Plaintiff's work environment.

29.     Plaintiff was informed by OSHA that Defendants would be contacted by OSHA within 30 days of his report.

30.     Following the mold discovery, Plaintiff additionally made complaints to managements about how Defendants ignored Plaintiff's prior complaints about the occupational hazards, Defendants' failure to remediate the mold when his office floor was partially repaired in December of 2018, Defendants' continued practice of permitting truck exhaust and fumes to permeate the work environment and how Defendants continually ignored Plaintiff's complaints about the conditions of his office which allowed a mold infestation to develop.

31.     In addition to his complaints to OSHA and management, in and around this time in late December 2019, Plaintiff made an ethics complaint via Defendants' ethics phone line.

32.     Despite his numerous complaints, Defendants did not respond to Plaintiff in any substantive way.  Plaintiff's complaints were again dismissed.

33.     On May 15, 2020, Plaintiff was terminated from his position.

34.     Defendants terminated Plaintiff in retaliation for his protected activities of complaining about occupational hazards, asserting rights under the Illinois Workers' Compensation Act and for his reports to OSHA in violation of the Illinois Whistleblower Act.

## COUNT I
### Retaliatory Discharge – Complaints of Occupational Hazards– Illinois Common Law

35.     Plaintiff repeats and re-alleges paragraphs 1-34 of the Complaint as if fully alleged herein.

36.     Numerous times throughout Plaintiff's employment he complained to management about occupational hazards due to truck exhaust and fumes and poor air quality, lack of ventilation and a leaking air conditioner unit in his office which ultimately resulted in mold infestation.

6

37.     Plaintiff maintained a good faith belief that Defendants were in violation of various workplace safety rules, laws and regulations, including but not limited to those set forth in the Occupational and Safety Health Act of 1970 ("OSHA"), in allowing truck exhaust and fumes to permeate the work environment and in permitting mold to pervade his office.

38.     In response to his numerous and repeated complaints for permitting unsafe work conditions, Defendants expressed frustration, displeasure and continually mocked his complaints. Defendants took no remedial action in response to Plaintiff's complaints about the unsafe work environment and through their inaction, showed that they had no intent to remedy the hazards complained of in the work environment.

39.     The Occupational and Safety Health Act of 1970 ("OSHA"), 29 U.S.C. 660 (c)(1) provides: "No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceedings under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter."

40.     The State of Illinois has a clearly mandated public policy which prohibits the discharge or discrimination against any employee who complains of occupational health hazards and the discharge of any employment in order to prevent that employee from reporting occupational health hazards. This recognized public policy mandate furthers the protection of health, safety and welfare of the citizens of the State of Illinois.

41.     Defendants' termination of Plaintiff's employment was an act of retaliatory discharge motivated by Plaintiff's complaints of dangerous and unsafe work conditions which

7

Plaintiff, in good faith, believed violated laws, rules and regulations, including but not limited to OSHA, and created a hazardous and unsafe condition for Defendants' employees.

42.     But for Plaintiff's whistleblower activities, which were intended to protect employees from occupational hazards, Plaintiff would not have been terminated by Defendants.

43.     As a direct and proximate result of Plaintiff's retaliatory discharge in violation of clearly mandates Illinois public policy, Plaintiff has sustained damages, including but not limited lost wages and benefits, his career has been negatively impacted and he has and continued to sustain emotional distress.

44.     In retaliating against Plaintiff, Defendants acted maliciously, and/or recklessly and/or with deliberate indifference.

WHEREFORE, Plaintiff, MATTHEW KRUGMAN, respectfully requests that this Court enter and order:

(a) Declaring the conduct of Defendants, individually and/or jointly, RUSH ADMINISTRATIVE SERVICES, INC., and/or RUSH ENTERPRISES, INC., and its agents and employees, as described herein, in violation of the Illinois law;

(b) Awarding Plaintiff all back pay and wages, benefits and other compensation he lost, including interest, as a result of Defendants' conduct;

(c) Awarding Plaintiff compensatory damages and damages for all related emotional distress;

(d) Awarding Plaintiff punitive damages to the fullest extent permitted under law;

(e) Awarding Plaintiff any other and further relief he is entitled to under law and the Court deems just and proper.

## COUNT II
### Retaliatory Discharge – Workers Compensation – Illinois Common Law

45.     Plaintiff repeats and re-alleges Paragraphs 1-34 of the Complaint as though fully set forth herein.

8

46.     In late December 2019, Plaintiff asserted rights under the Illinois Workers'

Compensation Act in reporting to Defendants and undergoing medical testing and treatment for

medical conditions and injuries reasonably believed to have been caused by his work

environment.

47.     The State of Illinois prohibits any employer from engaging in any retaliatory or

discriminatory conduct against any employee because the employee exercises his/her rights

under the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.* Section 4(h) of the Act

provides, in relevant part, that:

> It shall be unlawful for any employer, insurance company or service or
> adjustment company to interfere with, restrain or coerce an employee in any
> manner whatsoever in the exercise of the rights or remedies granted to him or
> her by this Act or to discriminate, attempt to discriminate, or threaten to
> discriminate against an employee in any way because of his or her exercise of
> the rights or remedies granted to him or her by this Act.

> It shall be unlawful for any employer, individually or through any insurance
> company or service or adjustment company, to discharge or to threaten to
> discharge, or to refuse to rehire or recall to active service in a suitable capacity
> an employee because of the exercise of his or her rights or remedies granted to
> him or her by this Act.

48.     Defendants violated mandated public policy of the State of Illinois when it

terminated Plaintiff's employment in retaliation for his exercise of rights under the Illinois

Workers' Compensation Act.

49.     But for Plaintiff asserting rights under the Illinois Workers' Compensation Act,

Plaintiff would not have been terminated by Defendants.

50.     As a direct and proximate result of Plaintiff's retaliatory discharge in violation of

clearly mandates Illinois public policy, Plaintiff has sustained damages, including but not limited

lost wages and benefits, his career has been negatively impacted and he has and continued to

sustain emotional distress.

51.     In retaliating against Plaintiff, Defendants acted maliciously, and/or recklessly and/or with deliberate indifference.

WHEREFORE, Plaintiff, MATTHEW KRUGMAN, respectfully requests that this Court enter and order:

(a) Declaring the conduct of Defendants, individually and/or jointly, RUSH ADMINISTRATIVE SERVICES, INC., and/or RUSH ENTERPRISES, INC. and its agents and employees, as described herein, in violation of the Illinois law;

(b) Awarding Plaintiff all back pay and wages, benefits and other compensation he lost, including interest, as a result of Defendants' conduct;

(c) Awarding Plaintiff compensatory damages and damages for all related emotional distress;

(d) Awarding Plaintiff punitive damages to the fullest extent permitted under law;

(e) Awarding Plaintiff any other and further relief he is entitled to under law and the Court deems just and proper.

## COUNT III
### Illinois Whistleblower Act

52.     Plaintiff repeats and re-alleges Paragraphs 1-34 of the Complaint as though fully set forth herein.

53.     Plaintiff was an employee as defined by the Illinois Whistleblower Act, 740 ILCS 174/5.

54.     Defendants were employers as defined by the Illinois Whistleblower Act, 740 ILCS 174/5.

55.     In late December 2019, Plaintiff reported to OSHA what he believed in good faith to be information establishing that Defendants had and were violating laws, rules or regulations in that Defendants permitted occupational hazards to exist in the workplace. Specifically, Plaintiff reported to OSHA that Defendants permitted truck exhaust and fumes to permeate the

10

work environment and Defendants permitted conditions to exist in Plaintiff's office that allowed for a mold infestation to exist.

56.     Plaintiff was informed that OSHA would contact the employer within 30 days of his report of Defendants' occupational hazards.

57.     Following Plaintiff's report to OSHA, Plaintiff was terminated.

58.     Defendants violated the Section 15 of the Illinois Whistleblower Act in terminating Plaintiff's employment for disclosing information to OSHA.

59.     As a direct and proximate result of Plaintiff's retaliatory discharge in violation of the Illinois Whistleblower Act, Plaintiff has sustained damages, including but not limited lost wages and benefits, his career has been negatively impacted and he has and continued to sustain emotional distress.

WHEREFORE, Plaintiff, MATTHEW KRUGMAN, respectfully requests that this Court enter and order:

(a) Declaring the conduct of Defendants, individually and/or jointly, RUSH ADMINISTRATIVE SERVICES, INC., and/or RUSH ENTERPRISES, INC., and its agents and employees, as described herein, in violation of the Illinois Whistleblower Act;

(b) Awarding Plaintiff all back pay and wages, benefits and other compensation he lost, including interest, as a result of Defendants' conduct;

(c) Awarding Plaintiff compensatory damages and damages for all related emotional distress;

(d) Awarding Plaintiff reasonable attorneys' fees and costs;

(e) Awarding Plaintiff any other and further relief he is entitled to under law and the Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

**DATED:  August 18, 2021**

11

Respectfully Submitted,

_____

Meredith W. Buckley

Seth R. Halpern  #6198939
Meredith W. Buckley #6299202
MALKINSON & HALPERN, P.C.
33 N. Dearborn Street, Suite 1540
Chicago, Illinois 60602
(312) 427-9600
shalpern@mhtriallaw.com
mbuckley@mhtriallaw.com

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021L 000675
Filed Date: 9/1/2021 1:39 PM
Envelope: 14666601
Clerk: KJ

### IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
### WILL COUNTY, ILLINOIS

Matthew Krugman

**Plaintiff**

vs

Rush Administrative Services, Inc. and Rush Enterprises, Inc.

CASE NO: 2021L 000675

**Defendant**

## JURY DEMAND

☒ Plaintiff

☐ Defendant      in the above entitled cause demands a jury as to the following:

☐ Small Claims Six (6) Person Jury Demand

☐ Small Claims Twelve (12) Person Jury Demand

☐ Probate Jury Demand

☐ All Other Civil Matters:

☐ Six (6) Person Jury Demand

☒ Twelve (12) Person Jury Demand

☐ Ordinance Violation Jury Demand

_____
(Signature)

Attorney or Party, if not represented by Attorney
Name  Meredith W. Buckley
ARDC #  6299202
Firm Name  Malkinson & Halpern, P.C.
Attorney for  Plaintiff
Address  33 N. Dearborn Street, Suite 1540
City & Zip Code  Chicago, Illinois 60602
Telephone  (312) 427-9600

**ANDREA LYNN CHASTEEN, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

Original – Court    Copy – Plaintiff    Copy – Defendant                    17C Revised (12/16)